UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CORNELIUS AKINE,

      Petitioner,

v.                                    Case No: 5:19-cv-475-TPB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

      Respondents.
_____/

## ORDER DISMISSING PETITION WITH PREJUDICE

### I.   Status

Petitioner, Cornelius Akine, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). He is proceeding on an Amended Petition (Doc. 10). Petitioner challenges a state court (Marion County, Florida) judgment of conviction for which he is serving a cumulative thirty-year term of incarceration (*id.* at 1). Respondents filed a Response (Doc. 19) asserting this action is untimely filed and requesting

dismissal of this case with prejudice.[1] Petitioner did not file a reply, and thus this case is ripe for review (*see* Doc. 15).

## II.   <u>One-Year Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented

---

[1] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

> could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III.  <u>Analysis</u>

Petitioner was facing the possibility of a *life sentence* had he taken his case to trail and lost. Thus, on June 11, 2012, Petitioner chose to enter a guilty plea to ten charged offenses: two counts of carjacking while armed, four counts of aggravated assault with a firearm, possession of a firearm by a convicted felon, aggravated assault of a law enforcement officer with a firearm, aggravated assault with a deadly weapon, and fleeing or attempting to elude a police officer. *See* Resp. Ex. A; *see also State v. Akine*, No. 2005-CF-2048 (Fla. 5th Cir. Ct.). That same day, in conformance with Plaintiff's plea agreement, the trial court sentenced Petitioner to a cumulative thirty-year term of incarceration. *See id.* Petitioner sought a direct appeal, and on June 11, 2013, the Fifth District Court of Appeal per curiam affirmed Petitioner's judgment and sentences without a written opinion. Resp. Ex. D. Petitioner filed a motion for rehearing, and the Fifth DCA denied the motion on July 15, 2013. *Id.* Petitioner's judgment and sentence became final 90 days later,

October 15, 2013.[2] *See Clay v. United States*, 537 U.S. 522 (2003); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3)). His one-year federal habeas statute of limitations began to run the next day, October 16, 2013.

Petitioner's one-year limitations period ran for 256 days until it was tolled on June 29, 2014, when Petitioner filed his first Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.[3] Resp. Ex. A. On September 16, 2014, the trial court dismissed the Rule 3.850 motion without prejudice to Petitioner refiling a motion in compliance with the pleading requirements of Rule 3.850.[4] *Id.* Petitioner did not seek review of the trial court's dismissal, and thus his one-year statute of limitations remained tolled

---

[2] The ninetieth day fell on Sunday, October 13, 2013, and the next Monday, October 14, 2013, was Columbus Day; thus, Petitioner had until Tuesday, October 15, 2013, to seek review with the United States Supreme Court.

[3] Because Petitioner's first Rule 3.850 motion has no prison stamp date, the Court considers the motion filed on the date Petitioner signed the certificate of service.

[4] Respondents argue that because Petitioner's first Rule 3.850 motion was not "properly filed," it did not toll his one-year limitations period. Resp. at 6. Because recognizing this initial Rule 3.850 motion as a "properly filed" tolling motion has no effect on the outcome, the Court finds, for purposes of this Order, that the motion was "properly filed."

until the time for seeking review expired on Thursday, October 16, 2014. Petitioner's one-year resumed the next day, October 17, 2014.

Another 80 days of Petitioner's statute of limitations ran until it was tolled on January 5, 2015, when Petitioner filed a second Rule 3.850 motion. Resp. Ex. A. The trial court denied the second Rule 3.850 motion on May 11, 2015, and Petitioner appealed. *Id.* The Fifth DCA issued its mandate per curiam affirming the trial court's denial on April 15, 2016. Resp. Ex. F. Petitioner's one-year resumed the next day, April 16, 2016, and expired 29 days later, May 16, 2016.[5]

On May 19, 2016, after the expiration of his statute of limitations, Petitioner filed with the Florida Supreme Court a petition for writ of habeas corpus, which the Florida Supreme Court denied as procedurally barred. Resp. Ex. G. He also later filed with the trial court a petition for writ of habeas corpus and a third Rule 3.850 motion alleging newly discovered evidence. Resp. Ex. A. Because there was no time left to toll, however, those postconviction motions did not toll the federal one-year limitations period. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the

---

[5] The 29th day fell on Sunday, May 15, 2016, so Petitioner had until Monday, May 16, 2016, to file a federal habeas petition.

limitations period because "once a deadline has expired, there is nothing left to toll"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). As such, the Petition, filed on September 9, 2019, is untimely filed. *See* Doc. 1.

Petitioner does not argue that he is entitled equitable tolling, and he fails to allege any facts supporting due diligence or extraordinary circumstances to avoid the procedural bar. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does Petitioner assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). Rather, in his Amended Petition, he appears to allege that this case is timely filed because his third Rule 3.850 motion alleging newly discovered evidence was a properly filed motion for tolling purposes and he thus filed his case within his one-year limitations period. *See* Doc. 10 at 13-14. But as discussed above, his statute of limitations had expired at the time he filed that motion. As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.     This case is **DISMISSED with prejudice**.

2.     The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.     If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[6]

**DONE AND ORDERED** at Tampa, Florida, this 12th day of April, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

Jax-7

C:     Cornelius Akine, #R28222
       Counsel of record